1  Patience Milrod, SBN 77466
   844 N. Van Ness Avenue
2  Fresno, CA  93728
   Telephone: (559) 441-3111
3  Facsimile: (559) 442-3164

4  Jacob M. Weisberg, SBN 049065
   THE LAW OFFICE OF JACOB M. WEISBERG
5  844 N. Van Ness Avenue
   Fresno, CA  93728
6  Telephone: (559) 441-0201
   Facsimile: (559) 442-3164

7
   Attorneys for Plaintiffs: ERIN K. RISTINE, LAURICE J. WILLOUGHBY, PAMELA D.
8  SOFRANEK, DENISE KAY O'BRYANT, and LORA A. GRIGGS

9                    UNITED STATED DISTRICT COURT
10                  EASTERN DISTRICT OF CALIFORNIA

11

12 ERIN K. RISTINE, LAURICE J.              CASE NO.
   WILLOUGHBY, PAMELA D. SOFRANEK,
13 DENISE KAY O'BRYANT, and LORA A.              COMPLAINT FOR
   GRIGGS,                                COMPENSATORY AND PUNITIVE
14                                        DAMAGES and INJUNCTIVE RELIEF
                                              JURY TRIAL DEMANDED
15              Plaintiffs,

16    v.                                  (1)   Violation of Title VII of
                                                the Civil Rights Act of 1964
17 COUNTY OF MERCED and MARK N. PAZIN,          (Gender Discrimination, Sexual Harassment)
   MERCED COUNTY SHERIFF,                 (2)   Violation of Cal. Gov't.
18                                              Code § 12940, et seq.
              Defendants.                       (Gender Discrimination, Sexual Harassment)
19                                        (3)   Violation of Title VII of
                                                the Civil Rights Act of 1964 and
20                                              Violation of Cal. Gov't. Code § 12940, et
21                                              seq. (Retaliation for Opposing Gender
                                                Discrimination, Sexual Harassment and
22                                              Disability Discrimination)
23                                        (4)   Injunctive Relief
24                                        (5)   Violation of the Americans with Disabilities
                                                Act (42 U.S.C. §12112)
25                                        (6)   Violation of Cal. Gov't. Code § 12900, et
26                                        seq. (Disability Discrimination)

27                                        -1-

**Introduction**

1

2        Plaintiffs, ERIN K. RISTINE, LAURICE J. WILLOUGHBY, PAMELA D. SOFRANEK,

3   DENISE KAY O'BRYANT, and LORA A. GRIGGS, are experienced and dedicated many-year

4   veterans of the Merced County Sheriff's Department.  All are sworn correctional officers, whose daily

5   work puts them in close contact with charged criminals in Merced County jails.  These women have the

6   same training as their male colleagues— including firearms, riot control and defensive tactics— and the

7   same responsibilities.  They transport alleged criminals to court and medical appointments, guard them

8   while hospitalized, and attend to their daily needs in custody.  They book and fingerprint the newly

9   arrested, and if there is a fight, these officers subdue the combatants.

10

11

12        Although all of his correctional officers share the same duties and face the same dangers, the

13   Sheriff of Merced County treats the women among them as second-class employees.  These officers, the

14   Plaintiffs in this case, have attempted repeatedly to resolve their concerns with the Sheriff—both before

15   and since his election.  But he has refused to make changes.

16

17        Their request is simple:  run the Sheriff's Department in a professional and evenhanded manner.

18   This means:  recruit qualified candidates of both sexes; hire fairly—based on qualifications, not quotas;

19   use seniority rather than sex to make assignments, schedule vacations and allot training; promote the

20   qualified candidates of both sexes; accommodate disabled employees equally; refuse to tolerate

21

22   retaliation.

23        Sadly, Sheriff Pazin and Merced County have refused to consider implementing these basic,

24   professional changes in the Sheriff's Department.

25

26        Therefore, Plaintiffs allege as follows:

27                                                          -2-

**Allegations common to all causes of action**

**Parties**

1.      Plaintiffs are individuals, and at all times herein mentioned were residents of the County of Merced, State of California.

2.      Plaintiffs have been and/or are currently employed by Defendants COUNTY OF MERCED and MARK N. PAZIN, MERCED COUNTY SHERIFF.  Plaintiff ERIN K. RISTINE has been a Merced County Correctional Officer for fifteen years, LAURICE J. WILLOUGHBY for 19 years, PAMELA D. SOFRANEK for 16 years, DENISE KAY O'BRYANT for 6 years, and LORA A. GRIGGS for 7 years.

3.      Defendants COUNTY OF MERCED (hereinafter referred to as "MERCED") at all times relevant herein is a political subdivision of the State of California and employs in excess of 100 employees and is a covered employer for the purpose of all statutes that prohibit discrimination relied on in this complaint.

4.      Defendant MARK N. PAZIN, MERCED COUNTY SHERIFF (hereinafter referred to as "SHERIFF") at all times relevant herein is the Sheriff of Merced County and an elected public official and employs in excess of 100 employees and is a covered employer for the purpose of all statutes that prohibit discrimination relied on in this complaint..

5.      Plaintiffs are informed and believes, and thereon alleges, that at all times herein relevant, each defendant was the agent, servant and employee of each of the remaining co-defendants and, in doing the things hereinafter alleged, was acting within the course and scope of said agency, employment and service with the advance knowledge, consent and ratification of each of the

remaining defendants.

**Jurisdiction and Venue**

6.      Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§ 1331, 1343, 1367, and 2201.  Jurisdiction is founded upon the existence of a deprivation of Federal Civil Rights, and upon supplemental state law claims which are so related to the federal civil rights deprivations that they form part of the same case or controversy under Article III of the United States Constitution.

7.      This action arises under 42 U.S.C. 2000e-2(a)(1).  Plaintiffs seek damages because Defendants intentionally and unlawfully harassed, discriminated, and retaliated against them in their employment causing them economic damages, severe emotional distress and other damages.

8.      Venue is proper in the Fresno Branch of the Eastern District of California because Plaintiffs' claims for relief arose therein in that all events and omissions on which the claims for relief are based occurred in Merced County, California.

**Demand for Jury Trial**

9.      Plaintiffs, hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

**FIRST CAUSE OF ACTION**
**Violation of Title VII of the Civil Rights Act of 1964**
**Gender Discrimination and Sexual Harassment**
**(As to All Defendants)**

10.     Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a)(1), it is an unlawful employment practice for an employer to discriminate against an employee on the basis of sex and/or gender.  Plaintiffs were at all times herein employees covered by 42 U.S.C. 2000e, *et seq*., prohibiting discrimination and harassment in employment on the basis of sex and/or gender.  Defendants

-4-

were at all times herein an employer subject to 42 U.S.C. 2000e, *et seq*. Defendant Sheriff was at all times herein a Supervisor subject to 42 U.S.C. 2000e, *et seq*.

11.    The Defendants, and each of them, have engaged in the acts and omissions alleged herein at least since 1985, and continuing through the filing of this complaint. Defendants, and each of them, have engaged in a continuous course of conduct violative of the provisions of 42 U.S.C. §2000e, *et seq*., in breach of their statutory duties to the Plaintiffs.

12.    Such conduct on the part of Defendants, and each of them, consisted of a pattern of discrimination against Plaintiffs and other of its female employees designed to harass or discriminate against Plaintiffs and similarly situated employees. This includes, but is not limited to the following:

a.    Defendant Sheriff's de facto policy of limiting the number of female sheriff's deputies, which in turn has created a shortage of sworn female employees. This short-staffing policy has resulted in significant and unlawful burdens on female staff's terms and conditions of employment, including but not limited to: denial of shift assignments and vacation requests in violation of seniority; denial of specialty assignments; denial of lunch and rest breaks; and on at least one occasion an assignment of a woman to full duty (including inmate contact) although she was at the time on light duty for medical reasons.

b.    Denial of equal opportunity with men for shift assignments, vacations, specialty assignments, breaks, training, and the full benefits of seniority; denial of equal opportunity to be granted reasonable accommodations and light duty in cases of disability, rather than forced into retirement; denial of equal opportunity for

promotions; denial of equal entitlement to acting pay when performing at a higher rank.

    c.   Retaliation against female employees, including Plaintiffs, and their spouses for asserting their rights to a discrimination-free workplace, including denials of promotions and specialty assignments, surveillance, sexual harassment, retaliatory reassignment and unwarranted disciplinary action.

    d.   Ridiculed and harassment of female staff, including Plaintiffs, causing loss of tangible job benefits and creating an oppressive and hostile working atmosphere.

13.    Defendants' conduct was in violation of anti-discrimination laws and the strict anti-harassment policies of MERCED and SHERIFF.  In contravention of those laws and policies, Defendants were unresponsive to Plaintiffs' complaints about gender discrimination and/or sexual harassment, or responded to such complaints by retaliation.

14.    Despite Plaintiffs' complaints about Defendants' behavior, Defendants did not properly or thoroughly investigate Plaintiffs' allegations of gender discrimination and/or sexual harassment.

15.    Such conduct and behavior as described above is part of a pattern and practice of Defendants to perpetuate a culture of male dominance in its upper management.  Defendants routinely permitted an atmosphere in which gender discrimination and sexual harassment were acceptable, in order to harass and intimidate women from seeking and obtaining positions of responsibility with Defendants.

16.    Plaintiffs have attempted on numerous occasions to stop the gender discrimination and sexual harassment by Defendants but the behavior has continued.

17.    Prior to filing this complaint, Plaintiffs timely filed charges of gender discrimination with the California Department of Fair Employment and Housing ("DFEH") and the Equal Employment

Opportunity Commission ("EEOC") against Defendants.  Plaintiffs exhausted their administrative remedies with both agencies and have received "right-to-sue" letters, which are collectively attached hereto as Exhibit A, incorporated by this reference and made a part hereof.

18.     As a proximate result of Defendants' harassment of Plaintiffs, they have suffered and will continue to suffer severe emotional distress including, but not limited to, humiliation, embarrassment, anxiety, sleeplessness and other psychological damage.  Plaintiffs have incurred medical expenses as a result of the mental and emotional distress they have suffered.

19.     Defendant SHERIFF committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiffs and with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiffs' rights.  Plaintiffs are thus entitled to recover punitive damages from Defendant SHERIFF in an amount according to proof.

20.     Attorney's fees are recoverable in an action for which they are specifically provided by statute.  Title 42 U.S.C. §§1988 and 2000e-5(k) provide that reasonable attorney's fees and costs are recoverable herein by the prevailing party.  As a result, Plaintiffs are entitled to reasonable attorney's fees and costs.

21.     As a result of the above stated actions, Plaintiffs have suffered general and special damages consisting of past and future lost income and earning capacity, employment-related benefits, interest, medical and psychological expenses, pain and suffering including emotional and psychological distress, and other consequential damages.

///

///

-7-

**SECOND CAUSE OF ACTION**

**Violation of Gov. Code § 12940, *et seq.***
**Gender Discrimination and Sexual Harassment**
**(As to All Defendants)**

22.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 21 above, as though repeated and set forth in full herein.

23.     California Government Code Section 12940 provides in relevant part as follows:

"It shall be unlawful employment practice..

(a)     For an employer, because of the … sex … of any person, to … discriminate against the person in compensation or in terms, conditions, or privileges of employment.

(h)     For an employer...to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part, or because the person has filed a complaint, testified or assisted in any proceeding under this part.

(i)     For any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this part, or to attempt to do so.

(j)     For an employer...or any other person because of... sex...to harass an employee...Harassment of an employee...by an employee other than an agent or supervisor shall be unlawful if the entity or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action.  An entity shall take all reasonable steps to prevent harassment from occurring.  Loss of tangible job benefits shall not be necessary in order to establish harassment...For purposes of this subdivision only, "employer" means any person acting as an agent or any employer, directly or indirectly.

(k)     For an employer...to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring"

24.     In enacting the Government Code Section set forth in the preceding paragraph, the legislature expressed the public policy of this State: "The legislature finds and declares that it is the existing policy of the State of California to prohibit harassment and discrimination in employment on the basis of any protected classification. Such conduct whether intentional or unintentional is a violation of the civil rights of California citizenry and has been shown to decrease productivity in the work force. It is the existing policy of the State of California, as declared by the legislature, that procedures be established by which allegations of prohibited harassment and discrimination may be filed, adjudicated, and that agencies and employers be required to establish affirmative programs which include prompt and remedial internal procedures and monitoring so that work sites will be maintained free from prohibited harassment and discrimination by their agents, administrators and supervisors as well as their non-supervisors and clientele. To further this intent, the legislature enacts this act."

25.     Defendants at all times material hereto, are and were an employer within the meaning of the California Government Code and, as such, are barred from discriminating in employment decisions or harassing an employee on the basis of sex as set forth in California Government Code section 12940, *et seq.*, prohibiting discrimination and harassment in employment on the basis of sex or gender. Plaintiffs were at all times herein employees covered by §§ 12940, *et seq.*

26.     Beginning no later than 1985 and continuing through the filing of this complaint, Defendants, and each of them, have engaged in a continuing course of conduct violative of the provisions of Government Code § 12940, *et seq.*, in breach of their statutory duty to Plaintiffs, as set out herein.

27.     California Code of Civil Procedure § 1021 provides that attorney's fees are recoverable in an action for which they are specifically provided by statute. Government Code § 12965(b) provides

that reasonable attorney's fees and costs are recoverable herein by the prevailing party in an action under

the Fair Employment and Housing Act. As a result, Plaintiffs are entitled to reasonable attorney's fees

and costs.

28.     As a result of the above stated actions, Plaintiffs have suffered general and special damages

consisting of past and future lost income and earning capacity, employment-related benefits, interest,

other consequential damages, medical and psychological expenses, and pain and suffering including

emotional and psychological distress.

**THIRD CAUSE OF ACTION**

**Violation of Cal. Gov. Code § 12940, *et seq*.**
**Retaliation for Opposing Gender Discrimination, Sexual Harassment and Disability**
**Discrimination**
**(As to All Defendants)**

29.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 28

above, as though repeated and set forth in full herein.

30.     Beginning no later than 1985 and continuing through the filing of this complaint,

Defendants, and each of them, have engaged in a continuing course of retaliatory conduct violative of the

law and public policy of the State of California, as set forth in Government Code § 12940, *et seq*.,

including but not limited to: threatening Plaintiffs not to complain to management; initiating and

threatening to initiate unwarranted disciplinary action against Plaintiffs; harassing Plaintiffs when they

were placed on light duty following work related injuries; assignment to full duty (including inmate

contact) although on light duty for medical reasons; denial of reasonable accommodations and light

duty in cases of disability; refusing Plaintiffs promotions and specialty assignments in retaliation for

speaking up about workplace conditions; subjecting Plaintiffs to surveillance and to sexual harassment;

-10-

and retaliating against Plaintiffs' spouses who are also employed by Defendants.  Said conduct was and is in breach of Defendants' statutory duty to Plaintiffs.

31.     As a proximate result of Defendants' retaliation against Plaintiffs, Plaintiffs have suffered and continue to suffer substantial losses and have suffered and continue to suffer embarrassment, emotional distress humiliation and mental anguish, all to their damage in an amount according to proof.

32.     The conduct of Defendant SHERIFF was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure Plaintiffs, amounting to malice and in conscious disregard of Plaintiffs' rights.  Plaintiffs are thus entitled to recover punitive damages from Defendant Sheriff in an amount according to proof.

33.     California Code of Civil Procedure § 1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute.  Government Code § 12965(b) provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party within the discretion of the court.  Plaintiffs have retained counsel for the prosecution of this action.  As a result, Plaintiffs are entitled to reasonable attorneys' fees and costs.

34.     Plaintiffs filed with the DFEH timely charges of discrimination against Defendants alleging a denial of individual rights and their civil rights under Government Code § 12940(a), and with the EEOC alleging a denial of individual rights and their civil rights under 42 U.S.C. 2000e-2(a)(1).

**FOURTH CAUSE OF ACTION**

**Temporary Restraining Order, Preliminary and Permanent Injunctions**
**(As to All Defendants)**

35.     Plaintiff incorporates by reference the allegations contained in paragraph 1 through 34 above, as though repeated and set forth in full herein.

-11-

36.    Beginning no later than 1985 and continuing through the filing of this complaint, Defendants, and each of them, wrongfully and unlawfully discriminated against Plaintiffs as described herein.

37.    From at least 1985 through the filing of this complaint and continuing, Plaintiffs have demanded that Defendants stop their wrongful conduct as described herein.  Defendants, and each of them, have refused and still refuse to refrain from their unlawful conduct.

38.    Defendants' wrongful conduct, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiffs in that they will continue to be deprived of their right to fair and equal treatment in employment and to be free from discrimination based on their gender, sex and disability as set out herein.

39.    Plaintiffs have no adequate remedy at law for the injuries currently being suffered or that are likely to occur by virtue of Defendants' discriminatory conduct in the work place as described above, and it will be impossible for Plaintiffs to determine the precise amount of damage that they will suffer if Defendants' conduct is not restrained, or Plaintiffs will be forced to institute a multiplicity of suits to obtain adequate compensation for their injuries.

40.    As a proximate result of Defendants' wrongful conduct, Plaintiffs' potential ability to earn their living as correctional officers has been damaged and will be further damaged in like manner so long as Defendants' conduct continues.  The full amount of such damage is not now known to Plaintiffs, and Plaintiffs will amend this complaint to state such amount when the same becomes known to them, or on proof thereof.

///

**FIFTH CAUSE OF ACTION**

**Violation of the American with Disabilities Act**
**(As to All Defendants)**

41.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 40 above, as though repeated and set forth in full herein.

42.     Pursuant to the American with Disabilities Act (ADA), 42 U.S.C. §12112, it is an unlawful employment practice for an employer to discriminate against an employee on the basis of Disability.  Plaintiffs were at all times herein employees covered by 42 U.S.C. §12111(4) prohibiting discrimination and harassment in employment on the basis of Disability.  Defendants were at all times herein an employer subject to 42 U.S.C. §12111 (5)(A).

43.     The Defendants, and each of them, have engaged in disability discrimination alleged herein at least since 1985, and continuing through the filing of this complaint.  Defendants and each of them, have engaged in a continuous course of conduct violative of the law as set forth in 42 U.S.C. §12112, *et seq.*, in breach of their statutory duties to the plaintiffs.

44.     Such conduct on the part of Defendants, and each of them, consisted of a pattern of discrimination against Plaintiffs and other of its female employees designed to harass or discriminate against Plaintiffs and similarly situated employees.  This conduct has included, but is not limited to: denial of equal opportunity to be granted reasonable accommodations and light duty rather than forced retirement in cases of disability; and unlawful assignment to full duty when the female employee is on light duty for medical reasons.

45.     Defendants' conduct was in violation of anti-discrimination laws and the strict anti-harassment policies of MERCED and SHERIFF.  In contravention of those laws and policies,

-13-

Defendants were unresponsive to Plaintiffs' complaints about disability discrimination or responded to such complaints by retaliation.

46.     Despite Plaintiffs' complaints about Defendants' behavior, Defendants did not properly or thoroughly investigate Plaintiffs' allegations of disability discrimination.

47.     Prior to filing this complaint, Plaintiffs timely filed against Defendants charges of disability discrimination with the California Department of Fair Employment and Housing ("DFEH") and the Equal Employment Opportunity Commission ("EEOC"). Plaintiffs exhausted their administrative remedies with both agencies and have received "right-to-sue" letters, which are collectively attached hereto as Exhibit A, incorporated by this reference and made a part hereof.

48.     As a proximate result of Defendants' harassment of Plaintiffs, they have suffered and will continue to suffer severe emotional distress including, but not limited to, humiliation, embarrassment, anxiety, sleeplessness and other psychological damage. Plaintiffs have incurred medical expenses as a result of the mental and emotional distress they have suffered.

49.     Defendant SHERIFF committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiffs and with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiffs' rights. Plaintiffs are thus entitled to recover punitive damages from Defendant SHERIFF in an amount according to proof.

50.     Attorney's fees are recoverable in an action for which they are specifically provided by statute. Title 42 U.S.C. §§1988 and 12205 provide that reasonable attorney's fees and costs are recoverable herein by the prevailing party. As a result, Plaintiffs are entitled to reasonable attorney's fees and costs.

51.     As a result of the above stated actions, Plaintiffs have suffered general and special damages consisting of past and future lost income and earning capacity, employment-related benefits, interest, medical and psychological expenses, pain and suffering including emotional and psychological distress, and other consequential damages.

## SIXTH CAUSE OF ACTION

**Violation of Gov. Code § 12900, *et seq*.**
**Disability Discrimination**
**(As to All Defendants)**

52.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 51 above, as though repeated and set forth in full herein.

53.     California Government Code Section 12940(a) provides in relevant part as follows:

"It shall be unlawful employment practice..

(a)     For an employer, because of the… physical disability, mental disability, medical condition … of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

(h)     For an employer … to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part, or because the person has filed a complaint, testified or assisted in any proceeding under this part.

(i)     For any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this part, or to attempt to do so.

(j)(1)  For an employer...or any other person because of ... physical disability, mental disability, medical condition ... to harass an employee...Harassment of an

-15-

employee...by an employee other than an agent or supervisor shall be unlawful if the entity or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action.  An entity shall take all reasonable steps to prevent harassment from occurring.  Loss of tangible job benefits shall not be necessary in order to establish harassment...For purposes of this subdivision only, "employer" means any person acting as an agent or any employer, directly or indirectly.

(k)     For an employer...to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring"

54.     Defendants at all times material hereto, are and were an employer within the meaning of the California Government Code and, as such, are barred from discriminating in employment decisions or harassing an employee on the basis of disability as set forth in California Government Code section 12940, *et seq.*, prohibiting discrimination and harassment in employment on the basis of disability.  Plaintiffs were at all times herein employees covered by §§ 12940, *et seq.*

55.     Beginning no later than 1985 and continuing through the filing of this complaint, Defendants, and each of them, have engaged in a continuing course of conduct violative of the provisions of Government Code § 12940, *et seq.*, in breach of their statutory duty to Plaintiffs, as set out herein.

56.     California Code of Civil Procedure § 1021 provides that attorney's fees are recoverable in an action for which they are specifically provided by statute.  Government Code § 12965(b) provides that reasonable attorney's fees and costs are recoverable herein by the prevailing party.  As a result, Plaintiffs are entitled to reasonable attorney's fees and costs.

-16-

57.     As a result of the above stated actions, Plaintiffs have suffered general and special damages consisting of past and future lost income and earning capacity, employment-related benefits, interest, other consequential damages, medical and psychological expenses, and pain and suffering including emotional and psychological distress.

**WHEREFORE**, Plaintiffs pray as follows:

a)     For damages against Defendants in excess of $15,000,000;

b)     For past and future lost wages and earnings and employment-related benefits, according to proof;

c)     For other special damages according to proof;

d)     For interest on the amount of losses incurred in earnings, deferred compensation, and other employee benefits at the prevailing wage, and prejudgment interest pursuant to Civil Code § 3291;

e)     For incidental and consequential damages according to proof;

f)     For punitive damages according to proof;

g)     For reasonable attorney's fees according to proof;

h)     For injunctive relief;

i)     For costs of suit; and

j)     For such other and further relief as the Court may deem just and proper.

Dated on November 18, 2005 in Fresno, California.


/s/ Jacob M. Weisberg
JACOB M. WEISBERG,
Attorney for Plaintiffs


/s/ Patience Milrod
PATIENCE MILROD
Attorney for Plaintiffs